IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL MCNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3204 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| PUBLIC DEFENDER OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Jamaal McNeil, a prisoner. Also before the court is filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is a prisoner, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by moving for leave to proceed in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted. Pursuant to 42 U.S.C. § 1983, the plaintiff has sued the public defender, LeAnn M. Srb, who represented him in connection with state charges. However, a public defender does not act "under color of state law" for purposes of 42 U.S.C § 1983 when performing traditional functions as counsel for the defendant in a criminal prosecution. See Polk

1

County v. Dodson, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under § 1983, because a public defender "works under canons of professional responsibility that mandate his or her exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control"). Therefore, the plaintiff may not sue a public defender under 42 U.S.C. § 1983 in federal court for civil rights violations.

As for the other persons mentioned in the body of the complaint (state and federal prosecutors, state and federal judges), such defendants are shielded by immunities from the plaintiff's claims. Also, a plaintiff may not seek release from prison in a civil rights case. Such claims must be brought in a habeas corpus action pursuant to 28 U.S.C. § 2254 (state conviction) or 28 U.S.C. § 2255 (federal conviction).

Finally, the plaintiff contends that prosecutors, judges and state and federal public defenders conspired to cause him to be convicted of insubstantial charges. However, if the plaintiff is presently in prison on those convictions, his claims are barred by the principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994). The rule established in Heck v. Humphrey, is that if success on the merits of a civil rights claim would implicate the validity of the plaintiff's conviction or of his continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding. Absent a favorable result in a habeas or similar challenge, the plaintiff may not use 42 U.S.C. § 1983 to attack a conviction or sentence, even indirectly, if a victory in the § 1983 action could cast doubt on the validity or continued duration of the plaintiff's confinement. See also Muhammad v. Close, 540 U.S. 749, 750-51 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. **Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus**, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for

recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that **where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence**, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Accordingly, in Edwards v. Balisok, 520 U.S. 641 ... (1997), **we applied Heck in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served.** In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

(Emphasis added.)

This case must be dismissed for failure to state a claim on which relief may be granted against any defendant. Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be issued directing collection of a filing fee.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

2. That filing no. 2 is denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

September 5, 2006.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge